UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CRAIG CALLAWAY** | : | Hon. Joseph H. Rodriguez |
| *Plaintiff,* | : | 1:21-cv-12058 |
| v. | : | Opinion |
| **MARTY SMALL SR., CITY OF ATLANTIC CITY, DEPUTY CHIEF JAMES A. SARKOS, OFFICER KEVIN FRANCIS** | : | |
| *Defendants.* | : | |

This matter concerns Plaintiff Craig Callaway's ("Plaintiff") third attempt to construe a screaming match between himself and his political rival, Marty Small Sr. ("Small"), on the streets of Atlantic City as a violation of Plaintiff's constitutional rights. Defendants Small, City of Atlantic City ("Atlantic City"), Deputy Chief James A. Sarkos ("Sarkos"), and Officer Kevin Francis ("Francis") (collectively "Defendants") move to dismiss Plaintiff's Second Amended Complaint ("SAC"). [Dkt. 26]. For the reasons set forth below, the Court will grant Defendants' motion with respect to Plaintiff's federal claims (Counts I–VII) and will dismiss the remaining state-law claims for lack of subject-matter jurisdiction.

**I. Background**

The following facts are taken from the SAC[1] and a publicly available video clip of the events that gave rise to this lawsuit.[2] Small is the Mayor of Atlantic City, New Jersey. [SAC ¶

---

[1] The SAC repeats most of the facts alleged in Plaintiff's First Amended Complaint ("FAC") verbatim. For efficiency, the Court repeats those facts here where appropriate.

[2] Plaintiff cites to this video in his SAC, stating that it captures a portion of the events alleged in the SAC. [SAC ¶¶ 22–23].

1

6]. On May 2, 2021, Small and others appeared at a residential neighborhood in Atlantic City to campaign for his reelection as Mayor. [SAC ¶ 14]. Defendant Francis, a police officer with the Atlantic City Police Department, provided personal security to Small as Small campaigned. [SAC ¶ 16]. Plaintiff "came to be lawfully present on the public sidewalk" where Small was campaigning. [SAC ¶ 15].

When Plaintiff came "into view of Mayor Small, a raucous verbal altercation ensued." [SAC ¶ 18]. While the SAC does not allege who initiated the altercation, video evidence shows Plaintiff and Small screaming at one another and pacing toward and away from one another on a public sidewalk. The SAC alleges that, during this altercation, Small "threaten[ed] violence upon Plaintiff," stating "You're gonna see … I'mma [sic] get somebody that's about that life, and let's see what you do," [SAC ¶ 27], and "I'm gonna whoop your fucking ass, bitch." [SAC ¶ 29]. The latter statement is clearly audible in the video. Small also "slapped a cell phone out of the hands of one bystander who had been recording the events." [SAC ¶ 24]. The video also shows Plaintiff repeatedly calling Small a "child molester protector."[3] Though Officer Francis was present, he did not intervene in this altercation or arrest Small. [SAC ¶¶ 39, 42–43]. Plaintiff alleges that he told Officer Francis that Small threatened Plaintiff and Officer Francis responded by saying "I know." [SAC ¶ 38]. Plaintiff alleges that he eventually "ceased his political speech and returned to his car, due to the threats Small made against him." [SAC ¶ 31].

Plaintiff seeks to hold Defendants liable for Small's conduct. In his initial complaint and the FAC, Plaintiff alleged that Small's conduct violated Plaintiff's Fourth and Fourteenth Amendment rights. [*See* Dkt. 1, 16]. The Court granted Defendants' motion to dismiss the FAC

---

[3] This accusation apparently refers to Small's "relationship with an individual named Kayan Frazier – a cousin of Mayor Small's wife, La'Quetta Small – who is presently incarcerated on charges resulting from the sexual abuse and exploitation of minor children." [SAC ¶ 19].

2

but granted Plaintiff leave to file another amended complaint due to procedural errors by both parties. [Dkt. 20, 21]. In his SAC, Plaintiff now alleges that Defendants violated his First and Fourteenth Amendment rights, and Counts I–VII seek to recover under 42 U.S.C. § 1983 for violation of these rights. [*See* Dkt. 25]. Counts VIII–XII allege state-law claims for gross negligence; negligence; assault; the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c); and civil conspiracy, respectively. [*See Id.*]. Defendants moved to dismiss the SAC. [Dkt. 26].

## II.     Jurisdiction

The Court has subject-matter jurisdiction over Plaintiff's § 1983 claims under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a).

## III.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. *Id.* In general, only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration when deciding a motion to dismiss under Rule 12(b)(6). *See Chester Cnty Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d. Cir. 2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[4] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

The Court need not accept "unsupported conclusions and unwarranted inferences," *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." (quoting *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005))). *Accord Iqbal*, 556 U.S. at 678–80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

---

[4] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)

## IV. Analysis

The Court notes at the outset that it is treating Defendants' motion as unopposed. Plaintiff filed his opposition brief on March 18, 2022, eleven days after the Court-ordered deadline of March 7, 2022, without explanation, excuse, or request for an extension. [*See* Dkt. 28, 30]; *see also See* L. Civ. R. 7.1(d)(7) ("The Court may reject any brief or other paper not filed within the time specified.").

This is the latest example in a pattern of failures to comply with deadlines, procedural rules, and Court orders. Plaintiff previously violated Federal Rule of Civil Procedure 15 by filing his FAC without obtaining consent from Defendants or leave from the Court. [Dkt. 21 at 3]. The Court nevertheless treated the FAC as properly filed when considering Defendants' motion to dismiss the FAC. [*Id.* at 6]. The Court granted Defendants' motion to dismiss the FAC, but ordered that Plaintiff could further amend his complaint in compliance with Local Rule 15.1. [Dkt. 22]. Local Rule 15.1(b)(2) requires a plaintiff to file "form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." Plaintiff failed to comply with this requirement, which provides an independent and sufficient ground to dismiss the SAC. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (finding that a court

may dismiss a complaint without addressing its merits where a party fails to comply with a court order requiring compliance with a local rule). The Court nevertheless will address the merits of Plaintiff's SAC.

### a. Count I—Violation of 42 U.S.C. § 1983 for Failure to Intervene and Arrest as to Defendant Francis

In Count I, Plaintiff seeks to recover under 42 U.S.C. § 1983[5] alleging that his Fourteenth Amendment right against deprivation of "life, liberty or property … without due process of law" was violated when Officer Francis failed to "intervene and arrest" Small and to prevent Small from infringing upon Plaintiff's First and Fourteenth Amendment rights. [SAC ¶¶ 51–60]. The Court already rejected Plaintiff's Fourteenth Amendment failure to arrest theory as alleged in the FAC, [*see* Dkt. 21 at 10–13], and Plaintiff has not materially improved that theory here. The Court will therefore grant Defendants' motion to dismiss this theory of liability.

The Court will also grant dismissal on the First Amendment failure to intervene claim. As stated in the Court's FAC opinion, to state a claim for one state actor's failure to intervene or arrest where another state actor deprives an individual of constitutional rights, a plaintiff must allege that the bystander state actor "(1) knows of and acquiesces to (2) the unconstitutional treatment of another in his presence, and (3) fails or refuses to intervene despite having a realistic and reasonable opportunity to intervene." *Callaway v. Small*, -- F. Supp. 3d --, No. 1:21-CV-12058, 2021 WL 6062281, at *6 (D.N.J. Dec. 22, 2021) (citation omitted). The Court also recognized that "[c]ourts in the Third Circuit generally apply this theory where police officers or

---

[5] "Section 1983 is an enabling statute that does not create any substantive rights but provides a remedy for the violation of federal constitutional or statutory rights. *Suber v. Guinta*, 902 F. Supp. 2d 591, 602–03 (E.D. Pa. 2012) (citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)). "To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Bilbili v. Klein*, 249 F. App'x 284, 287 (3d Cir. 2007) (citations and quotations omitted).

corrections officers fail to intervene as another officer physically harms an individual while that individual is in custody or while bringing that individual into custody," and emphasized its reluctance "to extend this failure to intervene theory … to the facts of this case." *Id.* at *6 n.7 (collecting cases). The Court declines to do so here. Moreover, as discussed more fully below, this claim fails at element (2) because the SAC does not allege that Francis witnessed a violation of Plaintiff's First Amendment rights. The Court will therefore grant Defendants' motion to dismiss Count I.

> **b. Count II—*Monell* Liability for Unconstitutional Custom or Policy; Count III—*Monell* Liability for Failure to Train and Supervise; Count IV—First Amendment Violation; Count V—Violation of 42 U.S.C. § 1983 for First Amendment Violation**

Counts II, III, and V seek individual and municipal liability under § 1983 and allege that that Defendants violated Plaintiff's First Amendment rights. These claims require Plaintiff to establish a predicate violation of his First Amendment rights. *See Greenman v. City of Hackensack*, 486 F. Supp. 3d 811, 823 (D.N.J. 2020), *on reconsideration in part*, No. CV 15-3274 (KM)(MAH), 2021 WL 870712 (D.N.J. Mar. 9, 2021) ("A prima facie case under § 1983 requires a plaintiff to demonstrate that: (1) a person deprived her of a federal right; and (2) the person who deprived her of that right acted under color of state law." (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995))); *Wilson v. City of Philadelphia*, 177 F. Supp. 3d 885, 908 (E.D. Pa. 2016) ("[A] municipality can only be liable under Section 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom." (citing *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996))).

The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech ... or the right of the people to peacefully assemble." U.S. Const. amend I.

To state a § 1983 claims based on the First Amendment, a "plaintiff must demonstrate that the defendant's actions had some adverse impact on the exercise of the plaintiff's constitutional rights." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 481 (M.D. Pa. 2015). Moreover, the impact on a plaintiff's First Amendment rights must be "more than minimal." *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006); *accord Coles v. Carlini*, 162 F. Supp. 3d 380, 397 (D.N.J. 2015) ("Nevertheless, Plaintiff's First Amendment claim ultimately fails because no reasonable jury could find that Plaintiff suffered an injury from Carlini's words.").

Plaintiff's First-Amendment-based § 1983 claims fail because he fails to plausibly allege an injury to his First Amendment rights at all, let alone an injury that was "more than minimal." Plaintiff alleges that Defendant Small threatened Plaintiff while Plaintiff was in Small's presence. [SAC ¶¶ 28–29]. But Plaintiff does not support his conclusory allegation that these threats affected his rights to speak or assemble. The SAC and the video of the altercation between Plaintiff and Small belie any such allegation. Plaintiff himself alleges that his verbal altercation with Small resulted from a preexisting "contentious" relationship between Plaintiff and Small, not from Plaintiff's exercise of his First Amendment rights. [SAC ¶ 19]. In other words, Plaintiff himself alleges that Small threatened Plaintiff because of this preexisting relationship *while* in Small's presence, not *because* Plaintiff exercised his right to be in Small's presence.

The video also demonstrates that Small's threats did not affect Plaintiff's right to speak or gather. During his verbal altercation with Small, Plaintiff repeatedly called Small a "child molester protector"[6] despite Small's alleged threats. Plaintiff also remained in Small's presence

---

[6] Plaintiff alleges that his participation in this verbal altercation constitutes "high-value political speech." [SAC ¶ 86].

and even followed Small back and forth along the sidewalk where Small and others were gathered after Small made these threats. In other words, Plaintiff continued to exercise his First Amendment rights even after Small threatened him. *See Aiellos v. Zisa*, No. CIV.A. 2:09-3076, 2010 WL 421083, at *3 (D.N.J. Feb. 2, 2010) (noting that § 1983 liability for First Amendment violations based on threats by public officials "hinges" on whether the threat is "credible such that it would deter a 'person of ordinary firmness' from exercising his or her First Amendment rights." (quoting *O'Connor v. City of Newark*, 440 F.3d 125, 127–28 (3d Cir. 2006))). The SAC does not identify any specific First Amendment activity that Plaintiff could not perform as a result of his altercation with Small.[7] Nor does the SAC allege that Small made additional threats beyond those that are audible in the video that otherwise limited his First Amendment rights. Under these circumstances, Plaintiff merely alleges a speculative violation of his First Amendment rights. *Twombly*, 550 U.S. at 555 (noting that a complaint must plead facts sufficient "to raise a right to relief above the speculative level"). Because Plaintiff fails to allege a plausible First Amendment violation, the Court will grant Defendants' motion to dismiss Counts II, III, and V.

Count IV alleges a standalone violation of Plaintiff's First Amendment rights. But "a party may not assert claims for relief under the United States Constitution directly." *Hashem v.*

---

[7] Plaintiff generally alleges that he eventually "ceased his political speech and returned to his car, due to the threats Small made against him." [SAC ¶ 31]. Plaintiff does not attempt to square this allegation with the fact that the video clearly demonstrated that he remained on the premises and continued to speak after Small threatened him. Thus, the Court need not accept Plaintiff's "bald assertion" that Small's threats affected Plaintiff's First Amendment rights in any way when the video shows otherwise. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

*Hunterdon Cty.*, No. CV158585FLWDEA, 2016 WL 5539590, at *10 (D.N.J. Sept. 29, 2016) (citing *Morse*, 132 F.3d at 906–07).  The Court will therefore dismiss Count IV.

      c. **Count VI—Fourteenth Amendment Violation (All Defendants); Count VII—Violation of 42 U.S.C. § 1983 for Violation of Plaintiff's Fourteenth Amendment Due Process Rights**

Count VI of the SAC alleges a standalone violation of Plaintiff's Fourteenth Amendment due process rights.  But again, "a party may not assert claims for relief under the United States Constitution directly."  *Hashem*, 2016 WL 5539590, at *10 (citing *Morse*, 132 F.3d at 906–07).  The Court will therefore grant Defendants' motion to dismiss Count VI.

Count VII alleges a violation of § 1983 based on the violation of Plaintiff's Fourteenth Amendment due process rights.  This claim alleges that Small violated Plaintiff's due process rights when he threatened Plaintiff; that Francis "wielded" his authority to tacitly support Small's threats; and that Atlantic City and Sarkos "enabled" this constitutional violation by failing to train its officers and enacting policies and practices that resulted in this constitutional violation.  [SAC ¶¶ 110–15].  The Court has already rejected Plaintiff's attempt to state a Fourteenth Amendment due process violation.  [Dkt. 21 at 12–13]; *see also Jacobs v. Bayha*, No. CIV.A. 07-237, 2010 WL 3895768, at *4 (W.D. Pa. Sept. 30, 2010) ("It has been long recognized that mere verbal threats, in and of themselves, do not give rise to constitutional violations, and are thus not actionable under § 1983." (collecting cases)); *accord Lewis v. Wetzel*, 153 F. Supp. 3d 678, 698 (M.D. Pa. 2015) ("[M]ere verbal harassment is not actionable under § 1983." (collecting cases)); *Green v. Thoryk*, 30 F. Supp. 2d 862, 864 (E.D. Pa. 1998) ("[V]erbal threats without subsequent harm or threat of harm do not ordinarily rise to the level of a section 1983 deprivation." (collecting cases)).  Plaintiff does not allege any material new facts that require a different outcome here.  The Court will therefore grant Defendants' motion as to Count VII.

### d. Remaining Claims

Counts VIII–XII of the SAC allege claims under New Jersey statutes and common law. As noted above, the SAC relies on Plaintiff's § 1983 claims to establish federal question subject-matter jurisdiction. Because the Court has dismissed all of Plaintiff's federal claims alleged at Counts I–VII above, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Gibbs*, 383 U.S. at 726 ("[C]ertainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well."); *Denkins*, 2016 WL 6683541, at *9 ("[W]here federal question claims are dismissed on motion at an early stage of the case, the District Court will generally dismiss the remaining related claims by declining supplemental jurisdiction."). The Court will therefore dismiss Counts VIII–XII for lack of subject-matter jurisdiction.

## V. Conclusion

For the reasons set forth above, the Court will grant Defendants' motion to dismiss for failure to state a claim as to Counts I–VII. The Court will dismiss Counts VIII–XII for lack of subject-matter jurisdiction. An appropriate order will follow.

March 31, 2022                                                                 /s/ Joseph H. Rodriguez
                                                                                            Hon. Joseph H. Rodriguez, USDJ